United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAINE M. HOFFMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INDYMAC BANK FSB, et al.,<br><br>　　　　Defendants | No. C-10-0802 MMC<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE TO REFILING STATE LAW CLAIMS IN STATE COURT; AFFORDING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; DEFERRING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS** |

　　　　Before the Court is plaintiff's Verified Complaint, Affidavit in Support of Complaint, and Application to Proceed in Forma Pauperis, each of which was filed February 25, 2010.

　　　　Where a party seeks to proceed in forma pauperis, the district court must dismiss the complaint if the court determines the plaintiff has failed to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

　　　　In her complaint, plaintiff alleges that she owns or owned certain real property in Willits, California, and that defendants are attempting or have attempted to improperly institute foreclosure proceedings. For the reasons discussed below, the Court finds plaintiff has failed to state a federal claim, and that insufficient cause exists to warrant the exercise of supplemental jurisdiction over plaintiff's state law claims.

//

First, to the extent plaintiff's complaint alleges defendants, in violation of 42 U.S.C. § 1983, have deprived plaintiff of her Fourteenth Amendment right to due process, as well as other federal civil rights, the complaint is subject to dismissal because § 1983 is applicable only to "state action," see United States v. Price, 383 U.S. 787, 795 (1966), rather than to the actions of private parties, such as defendants here, absent facts showing such private parties were acting in concert with state actors, see Fonda v. Gray, 707 F.2d 435, 437 (9th Cir. 1983) (identifying limited circumstances under which private parties can be held liable for constitutional deprivations).

Second, to the extent plaintiff's complaint refers to the Fair Debt Collection Practices Act, the complaint is subject to dismissal because the complaint does not include any facts to support such a claim; plaintiff's conclusory allegation that defendants have engaged in "attempts to unlawfully wrestle [p]laintiff's property" (see Compl. ¶ 132) is insufficient as a matter of law to state a claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (holding complaint alleging "unadorned, the-defendant-unlawfully-harmed-me accusation" insufficient to state claim; noting, to avoid dismissal, plaintiff must allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face").

Third, to the extent plaintiff's affidavit filed in support of her complaint refers to the Truth in Lending Act, the complaint is subject to dismissal because the complaint does not include any factual allegations to support a finding that any defendant violated the Truth in Lending Act, which requires a lender to make certain disclosures at the time an offer of credit is extended. See, e.g., Jones v. E*Trade Mortgage Corp., 397 F.3d 810, 812 (9th Cir. 2005). Indeed, plaintiff fails to allege that any defendant is the entity, or the successor of the entity, that loaned plaintiff money, let alone any facts to support a finding that the lender failed to comply with any requirement imposed by the Truth in Lending Act.

Finally, to the extent plaintiff's complaint is based on alleged violations of state law, the complaint is subject to dismissal without prejudice, as plaintiff does not allege the parties are diverse, and, to the extent supplemental jurisdiction may exist, the Court declines to exercise such jurisdiction in light of plaintiff's failure to allege a cognizable

federal claim. See 28 U.S.C. § 1367(c)(3).

Accordingly, the complaint is hereby DISMISSED, pursuant to 28 U.S.C. § 1915(b), and without prejudice to plaintiff's refiling her state law claims in state court. In the alternative, if plaintiff can allege a claim or claims over which a federal court would have jurisdiction, plaintiff is hereby afforded leave to file, no later than March 29, 2010, a First Amended Complaint.

In light of the above, the Court hereby DEFERS ruling on plaintiff's application to proceed in forma pauperis.

**IT IS SO ORDERED.**

Dated: March 3, 2010

MAXINE M. CHESNEY
United States District Judge