IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELAINE M. HOFFMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>INDYMAC BANK FSB, et al.,<br><br>    Defendants.<br>_____/ | No. C-10-0802 MMC<br><br>**ORDER GRANTING IN PART AND DEFERRING RULING IN PART ON DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court is the "Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)," filed May 27, 2010 by defendants OneWest Bank, FSB ("OneWest"), sued in its own capacity and "erroneously sued as IndyMac Bank, FSB, a Division of OneWest," Mortgage Electronic Registration Systems, Inc. ("MERS"), Quality Loan Service Corp. ("Quality"), McCarthy & Holthus, LLP ("McCarthy"), Gayle Jameson ("Jameson"), and Federal National Mortgage Association ("FNMA"). Defendant Michelle C. Flinn ("Flinn") has filed a notice of joinder.[1] Plaintiff Delaine M. Hoffman ("Hoffman") has filed opposition, to which defendants have replied. Also before the Court is plaintiff's response to the Court's June 25, 2010 Order to Show Cause, which response is included in plaintiff's

---

[1] First American Title Insurance Company ("FATIC"), the remaining defendant, has not yet appeared. By separate order filed concurrently herewith, the Court has directed plaintiff to show cause why her claims against FATIC should not be dismissed for failure to timely serve said defendant.

opposition to defendants' motion. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

**BACKGROUND**

Plaintiff alleges that, on December 19, 2007, as part of a loan transaction with IndyMac Bank ("IndyMac"), she executed a promissory note, which note was secured by a deed of trust on plaintiff's property (see Amended Verified Complaint ("AC") ¶¶ 32-33, 44) located on Primrose Court in Willits, California (see Defs.' Req. For Judicial Notice, filed May 27, 2010, Ex. A).[3] Plaintiff also alleges that on September 17, 2009, Quality, acting as Trustee under the deed, served plaintiff with a "Notice of Default and Election to Sell" (see AC ¶ 40), and, on December 21, 2009, served plaintiff with a "Notice of Trustee's Sale" (see AC ¶ 52). Plaintiff further alleges that the property was sold at a trustee's sale held on January 12, 2010. (See AC ¶¶ 94-95.) According to plaintiff, defendants violated both federal and state law at the time the loan was originated, at the time of the foreclosure, and thereafter. (See, e.g., AC ¶¶ 4-6, 45-47, 98, 203.)

In the AC, plaintiff names the following defendants: IndyMac, the original lender (see AC ¶ 23); MERS, listed on the deed as the beneficiary (see AC ¶ 24); FATIC, the original trustee (see AC ¶ 25); Flinn, a notary who notarized the deed (see AC ¶ 30); Quality, the subsequent trustee, which initiated the nonjudicial foreclosure proceedings (see AC ¶ 26); OneWest, which appointed Quality (see id.); FNMA, which purchased the subject property and thereafter instituted in state court an unlawful detainer action against plaintiff (see AC ¶¶ 98, 115, 174; Defs.' Req. For Judicial Notice, filed May 27, 2010, Ex. F at 1);[4] McCarthy, a law firm that filed the unlawful detainer action on behalf of FNMA, (see AC ¶¶ 27, 97-98); and Jameson, an attorney employed by McCarthy (see AC ¶ 28).

---

[2] By order filed July 28, 2010, the Court took the matter under submission.

[3] Defendants' request, unopposed by plaintiff, that the Court take judicial notice of the deed of trust is granted.

[4] Defendants' request, unopposed by plaintiff, that the Court take judicial notice of the Trustee's Deed Upon Sale is granted.

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, however, may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In addition, a district court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referenced in the complaint. See Parrino v. FHP,

Inc., 146 F.3d 699, 706 (9th Cir. 1998).  Finally, the Court may consider matters that are subject to judicial notice.  See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

**DISCUSSION**

The AC asserts six causes of action, some of which include more than one claim.  In their motion, defendants argue that each of plaintiff's causes of action and/or certain claims within causes of action are subject to dismissal for failure to state a claim.  Also, by order filed June 25, 2010, the Court directed plaintiff to show cause why two claims, one of which is included within the Fourth Cause of Action and the other of which is included within the Sixth Cause of Action, should not be dismissed for failure to state a claim.

**A. Federal Claims**

    **1.  First Cause of Action (42 U.S.C. § 1983)**

The First Cause of Action, alleged against all defendants, is titled "Deprivation of Due Process and Other Rights under 42 U.S.C. § 1983."  In support thereof, plaintiff alleges that certain defendants did not advise her at the time she executed the deed as to its contents and meaning thereof (see AC ¶¶ 77-86), that certain defendants involved in the nonjudicial foreclosure proceedings lacked the authority to pursue such proceeding (see AC ¶¶ 89-95), and that certain defendants, subsequent to the sale, instituted and pursued an unmeritorious unlawful detainer action against plaintiff (see AC ¶¶ 97-99).

Section 1983 is applicable only to "state action," i.e., conduct "fairly attributable to the State," see Caviness v. Horizon Community Learning Center, Inc., 590 F.3d 806, 812 (9th Cir. 2010) (internal quotation and citation omitted), and not to the acts of private parties, absent facts showing such private parties acted in concert with state actors, see Fonda v. Gray, 707 F.2d 435, 437 (9th Cir. 1983) (identifying limited circumstances under which private actor can be held liable for violation of federal constitutional right).

By order filed March 3, 2010, the Court dismissed plaintiff's § 1983 claim, as alleged in the initial complaint, for the reason that plaintiff had failed to allege any state action.  Defendants argue that plaintiff has failed to cure such deficiency.  The Court agrees.

4

As in the initial complaint, plaintiff fails to allege facts to support a finding that any defendant has acted in concert with a state actor or has otherwise engaged in state action. Moreover, plaintiff cannot base a § 1983 claim on her allegations that some of the defendants were involved, in various ways, with either a nonjudicial foreclosure sale or a subsequently-filed unlawful detainer action; such activities do not, as a matter of law, constitute state action. See Apao v. Bank of New York, 324 F.3d 1091, 1094-95 (9th Cir. 2002) (holding nonjudicial foreclosure sale of property does not constitute state action); Bloomer Shippers Ass'n v. Illinois Central Gulf R.R.. Co., 655 F.2d 772, 775-76 (7th Cir. 1981) (holding defendant's filings of unlawful detainer actions "do not satisfy Section 1983, for the use of a courthouse is not state action").

Accordingly, the First Cause of Action is subject to dismissal, without leave to amend.

**2. Second Cause of Action (42 U.S.C. § 1985(3))**

The Second Cause of Action, alleged against IndyMac, Flinn, OneWest, Quality, FNMA, McCarthy and Jameson, is titled "Conspiracy to Interfere with Civil Rights Under 42 U.S.C. § 1985(3)." In support of this claim, plaintiff alleges that defendants conspired to conceal from plaintiff "certain words, provisions and/or clauses" in the deed (see AC ¶ 111), and "furthered this scheme" by foreclosing on her property and then instituting an unlawful detainer action (see AC ¶¶ 113-15). According to plaintiff, the purpose of such "conspiracy" was to deprive plaintiff of her "property." (See AC ¶¶ 122-23.)

Where a § 1985(3) claim is based on the alleged deprivation of a federal right that requires state action, the claim cannot be based on a conspiracy among private parties. See United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott, 463 U.S. 825, 830-34 (1983). A claim that defendants deprived a plaintiff of property without due process is such a claim. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982) (holding due process clause "can be violated only by conduct that may be fairly characterized as 'state action'"). As discussed above, plaintiff has failed to allege state action, and, consequently, plaintiff may not pursue a § 1985(3) claim against defendants.

Accordingly, the Second Cause of Action is subject to dismissal, without leave to amend.

**3. Third Cause of Action (Fair Debt Collections Practices Act)**

The Third Cause of Action, alleged against McCarthy and Jameson, is titled "Violations of Plaintiff's Rights Under 15 U.S.C. § 1692 et seq. (FDCPA)." In said cause of action, plaintiff alleges a violation of the Fair Debt Collection Practices Act ("FDCPA"), based on the allegation that, after the trustee's sale, McCarthy sent plaintiff a "Notice of Possession" without "examining the entire file" in an attempt to "collect on a loan that ha[d] not been verified" (see AC ¶¶ 127, 128), and that Jameson engaged in "abusive tactics" when, at McCarthy's direction, Jameson called plaintiff on March 29, 2010 and told plaintiff the instant federal "case ha[d] already been dismissed" and that plaintiff should "accept cash for keys and move out of the house" (see AC ¶¶ 130-131, 133). Plaintiff also alleges that McCarthy and Jameson are "debt collectors." (See AC ¶¶ 27, 28.)

"[T]he FDCPA prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010) (internal quotation and citation omitted). Defendants argue that plaintiff has failed to state a claim under the FDCPA, because plaintiff fails to allege facts to support her conclusory allegation that McCarthy and Jameson are "debt collectors." The Court agrees. Specifically, plaintiff's conclusory allegation that McCarthy and Jameson are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) (see AC ¶¶ 27-28) is insufficient as a matter of law, see Twombly, 550 U.S. at 555 (holding complaint "requires more than labels and conclusions" to state viable claim); the complaint includes no facts to support a finding that McCarthy and Jameson are engaged in a business whose "principle purpose" is the "collection of debts" or that they "regularly collect[ ] or attempt [ ] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." See 15 U.S.C. § 1692a(6) (defining "debt collector").

Further, according to the AC, McCarthy and Jameson were acting on behalf of FNMA, which purchased plaintiff's property at the trustee's sale. Plaintiff fails to explain

how FNMA's attempt to obtain possession of property it had purchased constitutes an act that can be characterized as debt collection.[5]

Accordingly, the Third Cause of Action is subject to dismissal, with leave to amend in the event plaintiff can cure the deficiencies identified above.

**4. Fourth Cause of Action (Truth In Lending Act)**

The Fourth Cause of Action, alleged against IndyMac, FATIC, MERS, OneWest, Quality, and FNMA, is titled "Violations of Plaintiff's Rights under 15 U.S.C. § 1601 et seq. (TILA)." In support of this claim, plaintiff alleges that "defendants" violated the Truth in Lending Act ("TILA") when, at the time plaintiff entered into the loan transaction with IndyMac, IndyMac "failed to provide the required disclosures" to plaintiff (see AC ¶ 142), and "failed to deliver to [p]laintiff . . . two copies of a notice of the right to rescind" the agreement (see AC ¶ 149).

TILA requires a lender to make certain disclosures at the time an offer of credit is extended, see Jones v. E*Trade Mortgage Corp., 397 F.3d 810, 812 (9th Cir. 2005), and, in the event a plaintiff establishes a violation thereof, provides that such plaintiff may be entitled to rescission of the credit transaction, see 15 U.S.C. § 1635, and may obtain money damages, see 15 U.S.C. § 1640. Here, plaintiff seeks to rescind the loan transaction and seeks an award of money damages. (See AC ¶ 137.)

Plaintiff's claim for rescission fails as a matter of law, because plaintiff's property has been sold. (See AC ¶ 95); Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 903

---

[5] In its motion, defendants also argue that mortgagees and mortgage servicing companies, such as OneWest, are not debt collectors. Assuming defendants are correct, such argument does not assist defendants because plaintiff names only McCarthy and Jameson as defendants to the Third Cause of Action and does not allege that either McCarthy or Jameson is a mortgagee or mortgage servicer.
Defendants further argue that foreclosing on a property is not an attempt to collect a "debt" within the meaning of the FDCPA. The only circuit to have considered such argument, however, has rejected it. See Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 376 (4th Cir. 2006) (rejecting argument that "debt" owed under promissory note ceases to be "debt" once foreclosure proceedings begin). In any event, such argument is misplaced, because plaintiff does not allege the foreclosure itself violated the FDCPA, but, rather, that the FDCPA was violated in light of certain actions taken by agents of the subsequent purchaser in an attempt to gain possession of the property.

(9th Cir. 2003) (holding "the right to rescind [under TILA] ends with the sale"); see also, Worthy v. World Wide Fin. Servs., Inc., 347 F. Supp. 2d 502, 507 (E.D. Mich. 2004) (holding plaintiff "had no right to rescind the refinancing mortgage transaction after the foreclosure auction").

Accordingly, plaintiff's claim for rescission under TILA is subject to dismissal, without leave to amend.

With respect to plaintiff's claim for damages under TILA, the claim, as pleaded, is untimely. A TILA claim for damages must be filed within one year of the date of the violation. See 15 U.S.C. § 1640(e). Plaintiff alleges she entered into the loan transaction with IndyMac in December 2007 (see AC ¶ 32), which is the time any disclosures would have been due. See Jones, 397 F.3d at 812. The initial complaint was not filed until February 25, 2010, a date significantly more than one year after the time at which the alleged omissions occurred. Moreover, plaintiff fails to allege any facts to support a finding that an exception to the statute of limitations exists.

Accordingly, plaintiff's claim for damages under TILA is subject to dismissal, with leave to amend to cure the deficiency identified above.

**5. Fifth Cause of Action (12 U.S.C. § 2605)**

The Fifth Cause of Action, alleged against IndyMac, MERS, FATIC, OneWest, Quality, and FNMA, is titled "Lack of Possession of Original Notes and Privity of Contract," and, in addition to including several claims arising under state law, includes one federal claim, specifically, a claim under 12 U.S.C. § 2605.

In support of her claim that defendants violated § 2605, plaintiff alleges that IndyMac, the original lender, failed to disclose that the "note(s) that was/were being executed may be assigned." (See AC ¶ 182.) Defendants argue such allegation does not implicate any right to disclosure provided under § 2605. The Court agrees.

The only language in § 2605 that addresses disclosures provides that "[e]ach person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan

8

may be assigned, sold, or transferred to any other person at any time while the loan is outstanding." See 12 U.S.C. § 2605(a) (emphasis added).  Nothing in § 2605, however, requires the original lender, or anyone else, to make a disclosure regarding whether any note the borrower has executed may be assigned, sold, or transferred.

Accordingly, the Fifth Cause of Action is subject to dismissal to the extent it is based on an alleged violation of 12 U.S.C. § 2605, without leave to amend.

**B. State Law Claims**

As noted, the Fifth Cause of Action includes claims arising under state law.  Further, the Sixth Cause of Action consists of a number of claims, each of which arises under state law.

The Court's jurisdiction over the instant action is based on plaintiff's federal claims. (See AC ¶ 12.)  To the extent the Court has jurisdiction over plaintiff's state law claims, such jurisdiction is supplemental in nature.  See 28 U.S.C. § 1367(a).

The Court will defer ruling on the sufficiency of plaintiff's state law claims, pending amendment, if any, of plaintiff's federal claims.  See 28 U.S.C. § 1367(c)(3) (providing where sole causes of action over which district court has original jurisdiction have been dismissed, court may decline to exercise supplemental jurisdiction over remaining claims).

**CONCLUSION**

For the reasons stated above,

1. Defendants' motion to dismiss is hereby GRANTED in part and further ruling thereon is DEFERRED in part as follows:

   a. To the extent the motion seeks dismissal of the First, Second, Third, and Fourth Causes of Action, and the federal claim alleged in the Fifth Cause of Action, the motion is GRANTED, and the First, Second, Third, and Fourth Causes of Action, and federal claim alleged in the Fifth Cause of Action are DISMISSED.

   b. To the extent the motion seeks dismissal of plaintiff's state law claims, the Court DEFERS ruling thereon, until such time as plaintiff either pleads a viable federal claim or the Court determines no such claim can be pleaded.

2. If plaintiff wishes to file a Second Amended Complaint for the purpose of amending her FDCPA claim and/or her claim for damages under TILA, plaintiff shall file and serve a Second Amended Complaint no later than September 20, 2010.[6] If plaintiff does not file a Second Amended Complaint on or before September 20, 2010, the instant action will consist of the state law claims alleged in the AC.

3. The Case Management Conference is hereby CONTINUED from October 8, 2010 to November 19, 2010. A Joint Case Management Statement shall be filed no later than November 12, 2010.

**IT IS SO ORDERED.**

Dated: August 31, 2010

MAXINE M. CHESNEY
United States District Judge

---

[6] If plaintiff files a Second Amended Complaint, she may, but is not required to, amend her existing state law claims. Plaintiff may not, however, add any new defendant without first obtaining leave of court. See Fed. R. Civ. P. 15(a).